**NORTHEAST OKLAHOMA ELECTRIC CO-OPERATIVE, INC., et al.,**
Appellants,

v.

**GRAND RIVER DAM AUTHORITY,**
Appellee.

No. 48699.

Supreme Court of Oklahoma.

Sept. 14, 1976.

Burck Bailey, Terry W. Tippens, Fellers, Snider, Blankenship & Bailey, Oklahoma City, Jerry T. Pierce, Holliman, Maddux, Pierce & Boone, Bartlesville, Jack L. Rorschach, Vinita, for appellants.

J. Duke Logan, William H. Castor, Logan, Lowry, Castor & Allan, Vinita, for appellee.

DOOLIN, Justice.

This is an appeal from an order of the trial court sustaining defendant's general demurrer to plaintiffs' petition which alleged rates charged them by defendant for electricity were unlawfully discriminatory.

Each of the four plaintiffs is a rural electric cooperative (Coop) who has for many years purchased its power requirements from the defendant, Grand River Dam Authority (Authority), a public corporation. In July 1964, Authority placed in force and effect a rate schedule, "Schedule A-1.1, Wholesale Power Rate for Resale" which was applicable to rural cooperatives and municipalities. The schedule provided that rates and any change or adjustment in the rates would apply to all customers and would at all times be reasonable and non-discriminatory.

Because of certain changes made, some of the municipal customers refused to pay the rates under the new schedule and in 1967 an action was instituted by Authority against the City of Pawnee to collect money allegedly due under the 1964 schedule. Pawnee cross-petitioned charging the 1964 schedule was discriminatory. The trial court found in favor of City of Pawnee and Authority appealed. While the appeal was pending, Pawnee and other affected municipalities agreed to a settlement. Pursuant to the settlement, Authority did not restructure the 1964 rate schedule, but rather refunded a portion of the cities' payments. Whereas trial court held rates discriminatory only as to municipalities involved, Coops, not being parties to the suit, were not affected.

Coops subsequently requested similar refunds and upon Authority's refusal, filed the present action alleging as did municipalities in the Pawnee suit, the 1964 schedule to be discriminatory and in addition that it was discriminatory action for Authority to refund monies to municipalities and not to its rural cooperative customers. Coops prayed for relief in the manner of judgment for an aggregate amount of $121,817.28, an equivalent to the sum refunded to cities, plus costs.

Authority filed a general demurrer to Coops' petition and trial court held a hearing in order to apprise the court of the technical aspects of the rate schedule. After consideration of trial briefs and testimony, trial court sustained Authority's demurrer and dismissed the case. Coops appeal, asserting trial court erred, claiming because rate schedule pertains to both rural cooperatives and municipalities and by its own terms as well as by statute[1] must be applied in a non-discriminatory manner, their petition does state a cause of action. We agree.

Testimony at the hearing brought out the following facts. Charges are made for electricity sold on two separate bases; first, the "energy charge" which is the amount charged for the total amount of energy consumed by a customer, and second, a "demand charge" which is a charge for the maximum amount of electricity demanded by a customer in a set interval of time. The 1964 rate schedule changed the manner in which the demand charge was computed. Previously this charge was figured on the highest demand in a thirty minute interval *each month*. The new schedule required the demand charge to be based on the highest demand for a thirty minute interval computed *once a year*. In other words once a demand high is determined, for instance in August when electrical demand is at its highest, a customer is encumbered with that charge for twelve months or until it is exceeded. The bill adjustment and the amount refunded to the municipalities were based on this demand charge.

Authority claims trial court in Pawnee case found discrimination was due to "conjunctional billing," the type of billing used when a customer has more than one metering or delivery point and all meters are added together in determining the total charge. Coops utilize this system of measuring use as do some of the cities involved in the refund. There was no showing here how this type billing effected the alleged discriminatory rate. Testimony on the demurrer indicated it makes no difference

whether a customer has one meter or a hundred, the demand charge is the same to everyone. Schedule A-1.1 does not refer to conjunctional billing.

Authority endeavors to distinguish *Union Light, Heat & Power Co. v. City of Covington,* 282 Ky. 558, ·139 S.W.2d 64 (1940) cited by Coops in support of their position, because there the utility had *contracted* with Covington to lower its rates if they were lowered in Cincinnati. The court held amount refunded to Cincinnati pursuant to a settlement for excess charges collected amounted to a reduction in the rate charged and that irrespective of any contract rights, the rate charged Covington was excessive to the extent it exceeded the similar rate charged Cincinnati after reduction by the refund. The absence of a contractual agreement is not controlling.

As against a demurrer Coops' petition must be liberally construed and its allegations and all reasonable inferences therefrom must be taken as true. If any facts pleaded or reasonably inferred entitle Coops to relief, the trial court should have overruled Authority's demurrer.[2]

Coops' petition alleges the 1964 discriminatory rate schedule is the same for municipal customers as for rural cooperatives. They further allege and show municipalities received a refund based on the demand charge under the 1964 schedule and claim they are entitled to same treatment. Such allegations are allegations of preferential treatment which is prohibited at common law[3] as well as statutorily forbidden. They ask for judgment based on same rate of refund as municipalities.

Whether 1964 rate schedule discriminates against Coops and whether the refund given to municipalities to the exclusion of Coops is discriminatory should be tried. Coops clearly have made sufficient allega-

tions to withstand the demurrer of Authority and warrant a trial on the merits.

Reversed and remanded with directions to overrule demurrer of Grand River Dam Authority.

---

2. *McKenzie v. Feldman,* 434 P.2d 884 (Okla. 1967).

3. *Consumers' Light & Power Co. v. Phipps,* 120 Okla. 223, 251 P. 63 (1926).